Deaderick, J.,
delivered the opinion of the Court.
The bill in this cause was filed to foreclose a mortgage upon a lot or parcel of ground in the city of Memphis. The lot was sold on the 29th April, 1867, pursuant to the decree of the Chancery Court of Memphis, and was purchased by W. F. Hardin. The sale was confirmed upon the Master’s report, on the 2d July, 1867, without exception thereto.
*168 On the 15th November following, Hardin filed his petition in the cause, praying that the said sale and confirmation thereof be set aside, and that his notes be surrendered to him or cancelled. The grounds upon which Hardin seeks to be released from his purchase are, that no title can be made to him to the lot described in the decree of sale and in the mortgage deed, by reason of a superior outstanding title to a valuable part of said lot, and that when he bid for and became the purchaser of said lot, as well as when he complied with the terms of the sale, he believed that said lot began at the south-east corner of Mansfield’s lot, on Monroe street, and ran thence fronting on Monroe street one hundred feet, but that he has discovered that said lot does not begin at the said south-east corner of Monroe street and run thence one hundred feet fronting on said street.
The mortgage, decree ordering the sale, and the advertisement of the sale describe the lot as follows: Beginning at a point on or near Monroe street, which is the south-east corner of Samuel Mansfield’s lot, purchased by him from Vm. Houston, running thence westwardly on, and with the north line of Monroe street, one hundred feet thence,” &c.
The application to set aside the sale is resisted, upon the ground that Hardin knew before his purchase, and before the execution .of bis. notes and the confirmation of the sale, the facts now alleged as the grounds upon which he seeks to be released, and with full .knowledge of these facts executed his notes, took no exceptions to the Master’s report of sale, nor sought *169 to avoid it, or prevent its confirmation, but elected, with full knowledge of all the facts, to hold on to his purchase, and that he has waived any exception which he might have insisted upon to the confirmation of the sale.
It appears from the record that the notes for the purchase money were not executed upon the day of. sale, but several weeks afterward. Before confirmation of a sale, the proper mode to have it set aside is by filing a petition in the cause for that purpose. After the sale has been confirmed and the term of the court at which the confirmation is had is passed, it can only be set aside for fraud, accident, mistake, or other sufficient ground, which the party was deprived of the opportunity of pleading or relying upon in the original cause, without fault or negligence on his part, to be set out in an original bill, so that the parties may have opportunity to make defense by demurrer, plea or answer.
Conceding that the petition in this case may be treated as an original bill, we are of opinion that the petitioner is not entitled to be relieved of his purchase upon the ground set forth in his petition. He complains only that the lot purchased by him does not begin on Mansfield’s corner on Monroe street, nor run with the line of the said street, but that there is a small strip of land belonging to Johnson lying between Monroe street and the lot purchased.
If Hardin had insisted upon being relieved from his purchase when he ascertained this fact, he would have been entitled to a rescission of his purchase. *170 But the proof makes it very clear that he was fully cognizant of the fact set up in his petition, as the reason why he should be released from his purchase, if not before he bid the lot off, certainly upon the same day, and before he had executed his notes, and nearly two months before the confirmation of the sale. After being informed that Johnson owned a small strip of ground between Monroe street and the lot purchased by him, he refused to surrender his purchase and executed his notes, &c. The sale was afterward confirmed without any exception taken to it. No complaint is made by him until the next term after the confirmation of the Master’s report of sale, when he filed his petition seeking to be released.
We are therefore of opinion that with full knowledge of all the facts constituting his right to relief, he elected to hold on to his purchase, waived his right to a cancellation of the trade, and must abide by it.
The Chancellor’s decree will be affirmed.